United States District Court
Western District Of Washington At Seattle

| | |
|---|---|
| Steven J. Garletts,<br><br>        Plaintiff,<br><br>    vs.<br><br>The United States of America; U.S. Department of Veterans Affairs VA Puget Sound Health Care System Seattle Division; and Unknown John Does and John Doe Clinics,<br><br>        Defendants. | No.<br><br>Complaint For Medical Negligence |

Plaintiff Steven J. Garletts alleges:

### I. Jurisdiction And Venue

1.1    This is an action for negligence against the United States for damages for personal bodily injuries caused by negligent acts of employees, agents, servants and/or subcontractors of the U.S. Department of Veterans Affairs, VA Puget Sound Health Care System, Seattle VA Hospital within the scope of their office, employment and/or agency.  Jurisdiction is based on the Federal Tort Claims Act, 28 U.S.C §§ 1346(b) and 2671, *et seq*.

1.2    Venue is proper under 28 U.S.C. § 1402(b) as the alleged negligent conduct occurred

Complaint For Medical Negligence
Page 1 of 15
Case No.

**LAW OFFICES OF GEORGE KARGIANIS**
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

within this judicial district at the Veterans Hospital in Seattle Washington.  The Defendant is the United States of America, U.S. Department of Veterans Affairs, VA Puget Sound Health Care System, Seattle Division and its employees and agents.

1.3	Supplemental jurisdiction in this Court for the state law claims against Defendant and the Unknown John Does is proper pursuant to 28 U.S.C. Section 2675(a) because these claims arise from the same constitutional case as the claims against the United States of America and derive from a common nucleus of operative facts.

## II. Parties, Employees and or Agents

2.1	Plaintiff, Steven J. Garletts, is a Veteran of the Vietnam War currently residing in Olympia, Washington.

2.2	Defendant is the United States of America acting by and through its agencies, employees and agents/employees of the U.S. Department of Veterans Affairs, VA Puget Sound Health Care System, Seattle Division including but not limited its medical employees and or agents.

2.3	Defendant United States of America is named on the basis of the determination pursuant to 28 U.S.C. Section 2671 that VA Puget Sound Health Care System and its physicians and employees are employees of the government.

2.4	Defendant United States of America owns and operates the Veterans Hospital in Seattle, Washington through the Department of Veterans Affairs.  The acts and omissions giving rise to this complaint occurred at the VA Medical Center located in Seattle, Washington.

2.5	At all times material hereto, Howard Chansky, M.D. was an agent and/or employee

Complaint For Medical Negligence
Page 2 of 15
Case No.

LAW OFFICES OF GEORGE KARGIANIS
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

of the Defendant United States of America acting within the scope of office, employment or agency.

2.6   At all times material hereto, Timothy B. Alton, M.D. was an agent and/or employee of the Defendant United States of America acting within the scope of office, employment or agency.

2.7   At all times material hereto, Grant Lohse, M.D. was an agent and/or employee of the Defendant United States of America acting within the scope of office, employment or agency.

2.8   At all times material hereto, Stephen Casowitz P.A. was an agent and/or employee of the Defendant United States of America acting within the scope of office, employment or agency.

2.9   Plaintiff alleges that there may be other health care providers, persons, or entities whose negligence contributed to Plaintiff's injuries and damages, but whose identity is not now known and who are referred to herein as Unknown John Does.  Plaintiff requests that these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

2.10   Plaintiff alleges that there may be other clinics, Corporations or Partnerships that employed individuals mentioned in the paragraphs above, such as to make these John Doe Clinics, Corporations or Partnerships responsible, whose negligence contributed to Plaintiff's injuries and damages, but whose identity is not now known and who are referred to herein as John Doe Clinics, Corporations or Partnerships.  Plaintiff requests that these pleadings be amended to reflect the true identities of these Defendants if and when they are identified.

### III.  Procedural Requirements

3.1   On or about May 20th and 22nd, 2013, Plaintiff filed a Form 95 Claim for Damages

Complaint For Medical Negligence
Page 3 of 15
Case No.

LAW OFFICES OF GEORGE KARGIANIS
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

satisfying the procedural requirement of 28 U.S.C. § 2675(a) and the time limit requirement of 28 U.S.C. § 2401.  On October 25, 2013, the Department of Veteran Affairs denied the claim in writing in compliance with 28 U.S.C. § 2675(a).  The filing of this lawsuit satisfies the requirement of 28 U.S.C. § 2401, which mandates that suit be brought within six months after final agency denial.

### IV.  Statement of Claims

4.1   Plaintiff re-alleges and incorporates all preceding paragraphs.

4.2   On or about November 23, 2011, Plaintiff was admitted to the Veterans Hospital in Seattle under care of the orthopedic surgery department for treatment of a right bi-malleolar ankle fracture, soft tissue management care, monitoring of significant fracture blisters and operative intervention and to initiate the necessary treatment procedures safeguards  to treat and stabilize such condition and to prevent its progression and worsening.

4.3   On or about November 23, 2011, Defendant tested Plaintiff for Methicillin-resistant Staphylococcus aureus (MRSA) and the test results proved negative.

4.4   On or about November 23, 2011, after examining Plaintiff's ankle and fracture blisters, Defendant, acting by and through its employees and or agents, elected to postpone surgery until the fracture blisters had fully healed.

4.5   On or about November 23, 2011, Defendant, acting by and through its employees and or agents,  negligently enclosed Plaintiff's fractured ankle with fracture blisters in a cast and then improperly discharged Plaintiff to his sister's home in Seattle with ankle swelling, fracture blisters without proper antibiotics, instructions, treatment and management care.

Complaint For Medical Negligence
Page 4 of  15

Case No.

LAW OFFICES OF GEORGE KARGIANIS
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

4.6     On or about November 28, 2011, Plaintiff returned to the VA Hospital in Seattle and Defendant removed Plaintiff's cast, examined the fracture blisters and performed X-rays of the fractured ankle.

4.7     On or about November 28, 2011, Defendant failed to determine that the fracture blisters presented an immediate risk of infection that required infection protocols, including soft tissue management care, monitoring of significant fracture blisters and operative intervention.  On this date Defendant further improperly postponed surgical intervention and re-casted Plaintiff's swollen ankle and fracture blisters before sending Plaintiff home again without proper antibiotics, instructions, treatment and care.

4.8     On or about November 30, 2011, Plaintiff returned to the VA Hospital in Seattle where Defendant, acting by and through its employees and or agents, removed Plaintiff's cast and negligently drained Plaintiff's fracture blisters in a non-sterile environment using an 18 gauge needle, placing Xeroform dressing over the affected skin.

4.9     On or about November 30, 2011, Defendant, acting by and through its employees and or agents, improperly punctured and drained Plaintiff's fracture blisters in a non-sterile manner and environment without proper sterile surgical preparation or antibiotic follow-up care.

4.10    On or about November 30, 2011, Defendant, acting by and through its employees and or agents, punctured Plaintiff's fracture blisters which created a portal of entry for bacteria.

4.11    On or about November 30, 2011, Defendant's negligent and improper draining of Plaintiff's fracture blisters in a non-sterile, toxic, environment converted a closed comminuted fracture with fracture blisters into an open comminuted fracture making Plaintiff susceptible to dangerous infection.  That once the closed fracture was compromised, Defendant should have

Complaint For Medical Negligence
Page 5 of  15
Case No.

**LAW OFFICES OF GEORGE KARGIANIS**
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

immediately converted the procedure to an open reduction of the subject fracture whereby the fracture would have been surgically reduced, stabilized and treated with proper antibiotic follow-up and soft tissue management monitoring and care. Defendant's failure to do so allowed sepsis to develop with the serious complications complained of herein.

4.12 On or about November 30, 2011, after puncturing Plaintiff's fracture blisters and creating a portal of entry for bacteria, Defendant was negligent again in enclosing Plaintiff's opened fracture blisters with a cast and sending Plaintiff home without proper antibiotic treatment, soft tissue management, outpatient monitoring, care instructions and or arrangements for treatment. That under these circumstances Plaintiff should not have been discharged to home care but should have been immediately hospitalized, observed, treated and restricted to hospital bed care.

4.13 On or about December 1, 2011, Plaintiff returned to the VA Hospital in Seattle with confusion and pain. After inspecting the fracture blisters and finding the wounds unsatisfactory for surgery, Defendant again improperly postponed surgical intervention sending Plaintiff home again without proper antibiotic treatment, soft tissue management and or monitoring, outpatient care instructions and or arrangements for treatment. Prior to releasing Plaintiff Defendant failed to conduct a proper examination and evaluation that would have revealed that Plaintiff was confused because he suffering from a progressive and deadly infection that commenced with the aforementioned negligent, substandard of care involving the negligent puncturing, drainage and care of Plaintiff's fracture blisters.

4.14 On or about December 3, 2011, Plaintiff returned to the VA Hospital in Seattle with worsening pain and increased confusion contributed to by the lack of competent ongoing care and treatment in a proper hospital setting.

Complaint For Medical Negligence
Page 6 of 15

Case No.

**LAW OFFICES OF GEORGE KARGIANIS**
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

4.15   On or about December 3, 2011, Plaintiff was admitted to the Medical Intensive Care Unit at the VA Hospital in Seattle with sepsis, hypotension and acute respiratory failure.

4.16   On or about December 3, 2011, Defendant had failed to identify a clear source of Plaintiff's infection, and to evaluate and provide proper treatment of said progressive infection and Plaintiff's deteriorating condition.  As a result, Plaintiff's condition worsened.  On this date open reduction surgical repair of Plaintiff's fractured ankle was postponed by Defendant yet again without proper antibiotic intervention, treatment, infection management or care.

4.17   On or about December 4, 2011, Defendant, acting by and through its employees and or agents, examined Plaintiff and diagnosed increasing pain, confusion and elevated white blood count with diastolic heart failure.

4.18   On or about December 4, 2011, Plaintiff was first diagnosed by Defendant, acting by and through its employees and or agents, to be infected with Methicillin-resistant Staphylococcus aureus (MRSA).  Over the next 24 hours Plaintiff developed systemic inflammatory response syndrome (SIRS) with Leukocytosis and pulmonary embolism.

4.19   On or about December 6, 2011, Defendant, acting by and through its employees and or agents, performed an irrigation and debridement of the right lower ankle.  At the time of surgery copious amounts of purulent material was encountered as well as necrotic skin.  Defendant determined that the only option at that time was for a transtibial amputation of Plaintiff's lower right leg as the infection had worsened beyond possible repair.

4.20   On or about December 9, 2011, Defendant failed to recognize that Plaintiff was suffering from progressive signs of septicemia and osteomyelitis with an associated deep tissue

Complaint For Medical Negligence
Page 7 of 15
Case No.

LAW OFFICES OF GEORGE KARGIANIS
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

infection in the presence of multi-system organ failure.

4.21     On or about December 9, 2011, Defendant amputated Plaintiff's right leg below the knee.

4.22     On or about December 14, 2011, Defendant performed a revision surgery of Plaintiff's amputated stump prior to discharging Plaintiff to rehabilitation for reconditioning therapy.

4.23     Following his amputation surgeries, the Plaintiff has continued to suffer severe intractable neuropathic pain in his right leg, pulmonary failure complications, complications related to infection and other serious health complications caused by Defendant's negligence and failure to exercise that degree of care, skill, and learning expected of reasonable medical providers, practitioners and or facilities at the time and in the profession to which they belong and acting in the same or similar circumstances within the state of Washington.   Defendant's negligence, and its medical staff's negligence constitutes medical malpractice under Washington law.

4.24     Plaintiff has been fitted with a prosthesis and is somewhat able to get around using a cane but he has not been able to work since his amputation.  Plaintiff continues to take prescribed narcotics daily to try to manage pain and other medications for related pulmonary damages, infections and other related health complications caused by Defendant's negligence.

4.25     If the reasonably prudent standard of care had been met by Defendant, its agents and employees, Mr. Garletts would not have suffered such severe injury leading to his amputation, pulmonary failure complications, complications related to infection and other serious health complications likely to shorten Mr. Garlett's life.

Complaint For Medical Negligence
Page 8 of 15
Case No.

**LAW OFFICES OF GEORGE KARGIANIS**
2121 FIFTH AVENUE
**SEATTLE, WASHINGTON 98121**
TELEPHONE 206-441-4220

### V. Claims Against The United States of America

5.1     As alleged above, the VA Puget Sound Health Care System and its employees are employees of the Government pursuant to 28 U.S.C. Section 2671.  Therefore the proper defendant in this matter is the United States of America.

5.2  **Medical Negligence**.  Defendant United States of America, and acting by and through its employees VA Puget Sound Health Care System, failed to exercise the degree of care, skill and learning expected of reasonably prudent health care providers in the same profession or class in the State of Washington acting in the same or similar circumstances.  The Defendant was negligent and failed to exercise proper care in the manner in which it provided evaluation, medical services and treatment to Plaintiff, and in failing to properly examine, evaluate, and provide the proper amount and type of medical treatment that the plaintiff's condition required.  In addition, Defendant failed to develop and or implement adequate methods of diagnosing and treating the Plaintiff's condition and in maintaining a reasonably safe and prudent hospital environment reasonably free of dangerous contaminating micro-organisms.  In addition, Defendant failed to stabilize and properly treat the Plaintiff's serious and emergent medical condition and in failing to transfer him to a proper ward or facility which was capable of stabilizing and treating his medical condition, and in failing to have appropriate policies and procedures in place for treating the Plaintiff, and to take appropriate measures to insure that timely and appropriate steps were taken as would have provided the Plaintiff with proper care and treatment.  In addition, the Defendant, as indicated above, improperly punctured and drained Plaintiff's fracture blisters converting his closed reduction condition to an open reduction condition creating an open portal for entry of dangerous infectious micro organisms to enter Plaintiff's body resulting in infection and ultimately necessitating amputation.  Defendant was further negligent in failing to restrict said Plaintiff to bed rest and hospital care following the

Complaint For Medical Negligence
Page 9 of 15

Case No.

**LAW OFFICES OF GEORGE KARGIANIS**
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

improper drainage of the fracture blisters and or to provide proper care and observation or antibiotic treatment thus allowing the infection to spread and worsen to other parts of Plaintiff's body and organs.  Whereas in fact the open reduction surgery should have been undertaken immediately, either upon initial admission or upon puncturing and drainage of the fracture blisters but Defendant negligently failed to exercise that degree of prudent care, skill, and learning expected of reasonable medical providers, practitioners and or facilities at the time and in the profession to which it belongs and acting in the same or similar circumstances within the state of Washington.  Defendant's negligence, and its medical staff's negligence, constitute medical malpractice under Washington law.  Such conduct proximately caused severe injuries and damage to Plaintiff.  Such conduct establishes claims under RCW 4.24, RCW 7.70 and other applicable law.

   5.3   The foregoing acts and failure to properly act proximately caused Plaintiff to suffer serious and permanent traumatic, disabling and disfiguring personal bodily injuries and other damages to his body and person, including, but in no way limited to infection, surgery, extensive rehabilitation, and other medical care and treatment, loss of limb, heart disease and damages, major systems failure, emotional injuries, physical complications,  disfigurement, loss of mobility and independence, loss of ability to work, economic loss, and monetary damages, together with past and ongoing medical expenses all of which will be established at the time of trial.

   5.4   Plaintiff is entitled to an award of damages, both general and special, in an amount to be proven at trial and not to exceed the amount of damages sought in the tort claim presented on May 20 and 22nd , 2013.

   5.5   As a direct and proximate result of Defendant's negligence and failure to exercise the applicable standard of care, Plaintiff sustained traumatic injuries, including amputation of his right

Complaint For Medical Negligence
Page 10 of  15
Case No.

**LAW OFFICES OF GEORGE KARGIANIS**
2121 FIFTH AVENUE
**SEATTLE, WASHINGTON 98121**
TELEPHONE 206-441-4220

leg below the knee, infections and pulmonary complications, the full nature, extent, duration and severity of which cannot yet be ascertained with certainty at this time, but are believed to be permanent and disabling.

5.6     As a direct and proximate result of Defendant's negligence, and failure to exercise the applicable standard of care, Plaintiff experienced pain and suffering, both physical and mental, and will continue to experience pain and suffering, both physical and mental, in the future.

5.7     As a direct and proximate result of Defendant's negligence, and failure to exercise the applicable standard of care, Plaintiff has experienced permanent physical disfigurement.

5.8     As a direct and proximate result of Defendant's negligence, and failure to exercise the applicable standard of care, plaintiff has sustained disability and loss of enjoyment of life, and will continue to sustain disability and loss of enjoyment of life in the future.

5.9     As a direct and proximate result of Defendant's negligence, and failure to exercise the applicable standard of care, Plaintiff has suffered past and future loss of earning capacity and past and future wage loss.

5.10    As a direct and proximate result of Defendant's negligence, and failure to exercise the applicable standard of care, Plaintiff has incurred expenses for medical care and treatment and other out-of-pocket expenses, and will continue to incur expenses for medical care and treatment and other out-of-pocket expenses in the future, the full nature and extent of which are not presently known, but which will be shown at the time of trial.

5.11    **Failure to Obtain Informed Consent**. Defendant United States of America, by and through VA Puget Sound Health Care System, and its agents and employees, including but in no

Complaint For Medical Negligence
Page 11 of 15
Case No.

LAW OFFICES OF GEORGE KARGIANIS
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220

way limited to, Unknown John Does and John Doe Clinics, breached its duty to inform Plaintiff of all material facts, including risks and alternatives, which a reasonably prudent patient would need to make informed decisions on whether to consent to or reject proposed courses of treatment.   In addition, the aforementioned Defendant failed to obtain Plaintiff's informed consent as a patient in violation of RCW 7.70.050(1)-(4) in one or more, but in no way limited to, ways:

      a)      Failure to inform Plaintiff of material facts including the fact that he may undergo surgical procedures in a toxic, non-sterile manner and environment exposing him to risks of serious and deadly infection;

      b)      Failure to inform Plaintiff concerning the anticipated effects of draining fracture blisters without proper immediate surgical procedures, including the likelihood of infection, amputation and death;

      c)      Failure to inform Plaintiff concerning the recognized possible alternative forms of treatment for fracture blisters;

      d)      Failure to inform Plaintiff of the material facts concerning the recognized serious possible risks and complications associated with failing to immediately and properly treat fracture blisters and the dangers and risks involved with covering and enclosing fracture blisters in a cast.

      e)      That Plaintiff consented to defendant's care and treatment without being fully informed of such material facts.

      f)      That a reasonably prudent patient under similar circumstances would not have consented to said care and treatment if informed of such material facts.

Complaint For Medical Negligence  
Page 12 of 15  
Case No.

**LAW OFFICES OF GEORGE KARGIANIS**  
2121 FIFTH AVENUE  
SEATTLE, WASHINGTON 98121  
TELEPHONE 206-441-4220

5.12     This conduct, and breach of conformed consent, proximately caused severe injury to the Plaintiff.

5.13     **Corporate Negligence**.  Defendant United States is liable under the doctrine of corporate negligence, WPI 105.02.02.  Defendant Hospital owes an independent duty of care to its patients.  Defendant negligently failed to exercise the degree of skill, care, and learning expected of a reasonably prudent hospital facility in the state of Washington acting in the same or similar circumstances at the time of the care or treatment in question.   On or about November 30, 2011, Defendant, acting by and through its agents and or employees, including John Does and John Doe Clinics, removed Plaintiff's cast and negligently drained Plaintiff's fracture blisters in a dangerous and toxic  environment.  Defendant was required to have developed, staffed and appropriate personnel trained in proper wound care, soft tissue management and monitoring of significant fracture blisters care and to recognize the need for, and to schedule, urgent and immediate internal fixation surgery or other reasonable procedures and care to prevent infection in light of the Plaintiff's immediate condition.  The appropriate standard of care for a patient like Mr. Garletts, with significant fracture blisters and punctured fracture blisters was, but in no way limited to, immediate and urgent surgery and or hospitalization with proper follow up care. As alleged herein, Defendant's negligence includes but is not limited to:  (1) failing to have adequate policies and procedures to ensure a sterile and safe hospital environment,  (2) failing to have adequate policies and procedures to ensure that Mr. Garlett's was appropriately evaluated, monitored, assessed and diagnosed to ascertain the true nature of his presenting conditions,  (3)  failing to have adequate policies and procedures to ensure proper treatment and care of  Mr. Garlett's fracture blisters and infection,  (4) failing to use reasonable care to appoint only qualified physicians, nurses and assistants to its medical staff and to periodically monitor and review their competency,  (5) failing

Complaint For Medical Negligence
Page 13 of  15
Case No.

**LAW OFFICES OF GEORGE KARGIANIS**
2121 FIFTH AVENUE
**SEATTLE, WASHINGTON 98121**
TELEPHONE 206-441-4220

to have adequate policies and procedures in place to protect patients like Mr. Garletts from improper treatment of fracture blisters, including the puncturing of blisters in such a way to create a portal of entryway for bacteria to enter a patient's body, (6) failing to have adequate policies and procedures in place to protect patients like Mr. Garletts from improper treatment following the drainage of fracture blisters, including casting over punctured fractured blisters which, in effect, created the perfect environment for bacteria to incubate, fester and manifest into full blown infection, including MRSA and sepsis, resulting infection so severe it caused almost near total organ failure and necessitated amputation of Plaintiff's leg.

      5.14    The VA is responsible for all administrative personnel, training and setting up an administrative system to prevent an infectious and toxic, environment and one that can properly diagnose, administer care and schedule treatment and surgeries as required. The VA failed in its duties, diagnosis and treatment of Plaintiff, also failing to timely order immediate surgery and initiate proper follow-up care despite Plaintiff's obvious symptoms necessitating immediate ongoing care. The VA is responsible to train and supervise staff as to the appropriate procedures in infection prevention, soft tissue management and fracture blister treatment and care and how failures in said treatment and care is likely to lead to potentially deadly infection in such Plaintiffs.

## VI. Proximate Cause

      6.1    As alleged above, the negligent conduct of the Defendant, including unknown John Does and John Doe Clinics, all who were acting as agents and employees of the Defendant United States of America thus making the Defendant United States liable for the negligence of its agents and employees, was the proximate cause of the Plaintiff's injuries and damages as alleged herein.

Complaint For Medical Negligence  
Page 14 of 15  
Case No.

**LAW OFFICES OF GEORGE KARGIANIS**  
2121 FIFTH AVENUE  
SEATTLE, WASHINGTON 98121  
TELEPHONE 206-441-4220

## VII.  Injuries And Damages

7.1   As alleged above, the acts and omissions of Defendants directly and proximately caused Plaintiff to suffer severe and permanent injury, both physical and mental, pain and suffering, mental anguish, disability, disfigurement, loss of earning capacity and other elements of damages as allowed by law.

7.2   Plaintiff incurred out-of-pocket expenses, including but not limited to medical expenses, income loss, and other expenses in an amount to be proven at the time of trial.

## VIII.  Prayer For Relief

8.1   WHEREFORE, plaintiff prays for judgment against Defendant, jointly and severally, for all injuries and damages sustained by the Plaintiff in amounts to be proven at trial, together with his taxable costs, fees incurred herein, disbursements, interest and such other and further relief as the court deems proper.

**Dated this 12th day of February, 2014.**

*s/Gordon Webb*

Gordon C. Webb, WSBA # 22777
Webb Law Firm
225 106th Avenue North East
Bellevue, Washington 98004
Direct Telephone  425.454.3800
Direct Facsimile  425.307.6449
E-mail: Gordon@webblawfirm.net
Attorney for Plaintiff

**Dated this 12th day of February, 2014.**

*s/George Kargianis*

George Kargianis, WSBA # 286
Law Offices of George Kargianis
2121 Fifth Avenue
Seattle, Washington 98121
Direct Telephone  206.624.5370
Direct Facsimile  206.441.4220
E-mail:  George@kargianislaw.com
Attorney for Plaintiff

Complaint For Medical Negligence
Page 15 of  15

Case No.

LAW OFFICES OF GEORGE KARGIANIS
2121 FIFTH AVENUE
SEATTLE, WASHINGTON 98121
TELEPHONE 206-441-4220